# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEFFREY L. DAINES, et al.**

        **Plaintiffs,**

     **v.**               **Case No. 24-CV-1057**

**INTERNAL REVENUE SERVICE,**

        **Defendant.**

## DECISION AND ORDER

### 1. Background

Jeffrey and Elisha Daines, Jeffrey and Stephanie Federwitz, Solid Ground Inc., Solid Ground Transportation, Inc., and Solid Ground Transportation Inc. Employee Stock Ownership Plan brought this action under the Administrative Procedure Act (APA) challenging the Internal Revenue Service's (IRS) adoption of what the plaintiffs call "the Byers Rule." The court granted the IRS's motion to dismiss the plaintiffs' first complaint, noting, in part, that the plaintiffs failed to adequately allege that the Byers Rule even existed. *Daines v. IRS*, No. 24-CV-1057, 2025 U.S. Dist. LEXIS 185497, at *5 (E.D. Wis. Sep. 22, 2025). The court, however, allowed the plaintiffs to file an amended complaint, which they did. The IRS has now moved to dismiss the amended complaint.

In simple terms, the individual plaintiffs, Solid Ground Inc., and Solid Ground Transportation, Inc., sought to establish an employee stock ownership plan (ESOP). To do so, they enlisted Lex J. Byers and his company who touted a proprietary system that would afford certain tax benefits. They set up the ESOP, thus creating the seventh plaintiff, Solid Ground Transportation Inc. Employee Stock Ownership Plan, and for years things went as all the plaintiffs had expected.

The IRS then began to look closer at the methods that Byers employed for the plaintiffs and other clients. The IRS eventually disqualified the ESOP at issue here. The plaintiffs are challenging that decision in Tax Court, but in this action they argue that the IRS's actions constituted legislative rulemaking. The plaintiffs argue that the IRS's actions violated the APA because the IRS did not follow the APA's notice and comment procedure. The IRS has now moved to dismiss the plaintiffs' amended complaint, again arguing that there is no such thing as the Byers Rule and the agency actions the plaintiffs are complaining about are not subject to the APA.

## 2. Motion to Dismiss Standard

A complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court accepts the well-pleaded facts as true and draws all

reasonable inferences in favor of the plaintiff. *Ruiz v. Pritzker*, 162 F.4th 886, 889 (7th Cir. 2025).

### 3. Analysis

The court begins where it left off in its last decision and the foundational question: What do the plaintiffs allege is the Byers Rule? In response to the defendant's motion to dismiss, the plaintiffs say that the Byers Rule is an IRS Form 4564, *i.e.*, an Information Document Request (IDR), issued by an Internal Revenue Agent, dated July 13, 2022, and addressed to Solid Ground Transportation, Inc. (ECF No. 29 at 6-7.) It states, in its entirety:

> As you have been informed through the Revenue Agent Report (F-886-A), the Service concluded that Solid Ground Transportation, Inc. Employee Stock Ownership and Profit-Sharing Plan is not qualified in operation under IRC Section 401 (a) and the Trust is no longer exempt under IRC section 50l(a) for the plan year ending December 31, 2013, and subsequent plan years.
>
> Once the plan is disqualified, the earnings that the Trust assets' realized are taxable each year the plan is not qualified. Trust earnings must be reported and filed on Form 1041 for all open years.
>
> Please provide Form 1041 for plan years 2018, 2019, 2020 and 2021.

(ECF No. 24-2.)

An IDR is a routine, informal, administrative tool by which the IRS, in accordance with 26 U.S.C. § 7602, requests additional information in support of an examination. *See Hanover Ins. Co. v. Partnership Tax Sols., Inc.*, No. 1:20-cv-04890-WMR, 2022 U.S. Dist. LEXIS 253802, at *11-12 (N.D. Ga. Aug. 8, 2022); *VEG Corp. v. United States*, No. 2:17-cv-02893-JCM-NJK, 2018 U.S. Dist. LEXIS 126804, at *3, 122 A.F.T.R.2d (RIA) 2018-5326 (D. Nev. July 30, 2018); Internal Revenue Manual

3

§ 4.46.4.7. It is the lowest rung on the enforcement ladder, to be followed by a summons and eventually an enforcement action in federal court if the taxpayer continues to not comply. *See* 26 U.S.C. § 7602; *United States v. Clarke*, 573 U.S. 248, 249-50 (2014). It is ordinarily at that later summons-enforcement stage that a district court would first have jurisdiction to determine the propriety of the IRS's request. In other words, only if the IRS seeks to enforce a summons, and not in a private suit for damages, can a district court consider the propriety of an IDR.

The plaintiffs, however, argue that the IDR at issue here was much more than routine; it was a legislative rule, *see Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 96 (2015); *Mann Constr., Inc. v. United States*, 27 F.4th 1138, 1143 (6th Cir. 2022), that the IRS could not issue without public notice and the opportunity for comment and submitting it to Congress for review under the Congressional Review Act.

Under the APA, there are rules and orders. *See* 5 U.S.C. § 551(4), (6). Order "means the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter other than rule making but including licensing." 5 U.S.C. § 551(6). A rule is "an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency…." 5 U.S.C. § 551(4). Rules are then informally divided between legislative or substantive rules on the one hand and all other rules such as interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice on the other hand. Only legislative rules are subject to the

APA's notice-and-comment requirement. However, the APA does not define what a legislative rule is or even use that term. Rather, what is a legislative rule, and thus subject to notice-and-comment, is defined only in the negative; it is a rule that is not an "interpretative rule[], general statement[] of policy, or rule[] of agency organization, procedure, or practice." 5 U.S.C. § 553(b); *Perez*, 575 U.S. at 96; *Hoctor v. United States Dep't of Agric.*, 82 F.3d 165, 167 (7th Cir. 1996). A legislative rule issued without compliance with the APA's notice-and-comment requirements is invalid. *Hoctor*, 82 F.3d at 167.

Liberally construing the plaintiffs' argument, the court understands that the plaintiffs are not arguing that the IDR itself should have been subject to notice and comment. Rather, the plaintiffs appear to be arguing that it is the conclusion reflected in the IDR—that Solid Ground Transportation, Inc., was required to submit a 1041— that was a legislative rule. Specifically, the plaintiffs argue that by concluding that ESOPs that employed "the Byers Proprietary ESOP System" were required to submit 1041s, the IRS created a new legislative rule because "no provision of § 4975, § 4979A, or any other IRC section requires Form 1041 from a qualified ESOP trust." (ECF No. 29 at 9.) In other words, the IRS created a new rule requiring an ESOP trust to submit a 1041.

The plaintiffs' argument is inconsistent with the plain language of the IDR and the premise for the request. The IDR states, "Solid Ground Transportation, Inc. Employee Stock Ownership and Profit-Sharing Plan is not qualified in operation under IRC Section 401(a) and the Trust is no longer exempt under IRC section 50l(a)."

Thus, the IDR was not requiring an ESOP trust to submit a 1041; it was requiring Solid Ground Transportation, Inc. to submit a 1041 because Solid Ground Transportation, Inc. Employee Stock Ownership and Profit-Sharing Plan was *not* an ESOP trust. Requiring a non-exempt entity to submit a 1041 does not constitute a new rule; it is a conclusion that follows a finding that an entity was not exempt.

The plaintiffs' characterization of the language and nature of the IDR tends to highlight what this case appears to really be about—the plaintiffs' disagreement over whether Solid Ground Transportation Inc. Employee Stock Ownership Plan is a qualified ESOP trust under 26 U.S.C. § 401 and thus exempt under 26 U.S.C. § 501(a). The plaintiffs have failed to plausibly allege that this decision was the result of any rulemaking. Rather, it was a result of the application of the law to the facts. In other words, it was an adjudication.

That the IRS presumably interpreted and applied the law to reach the conclusion that Solid Ground Transportation, Inc. Employee Stock Ownership and Profit-Sharing Plan was not an ESOP trust and therefore must submit a 1041 does not render its decision a rule. Agencies routinely (if not necessarily) interpret statutes and regulations to adjudicate matters. *See Neustar, Inc. v. FCC*, 429 U.S. App. D.C. 168, 176, 857 F.3d 886, 894 (2017). Moreover, even if the IRS's conclusion was novel, that would not transform the adjudication into rulemaking. Inevitably, adjudications on questions of first impression garner novel interpretations or applications. But the APA does not grant a district court jurisdiction over such adjudicative disputes. *See* 5 U.S.C. § 702; 26 U.S.C. §§ 7421, 7422. If the plaintiffs believe that the IRS's

conclusion was wrong, it appears their remedy would ultimately lie in Tax Court. *See, e.g.*, 26 U.S.C. § 6214.

Even if the plaintiffs could characterize the IDR or the IRS's non-qualification determination as a final agency action, the APA permits review only where there is no "other adequate remedy in a court." 5 U.S.C. § 704. The plaintiffs' core claim remains that the IRS erred in concluding that the plan was not qualified and as a result improperly assessed taxes and penalties. Those issues are the subject of pending Tax Court proceedings and Congress has provided specific mechanisms for review of deficiency determinations, *see* 26 U.S.C. § 6213, and plan-qualification disputes, *see* 26 U.S.C. § 7476. The plaintiffs cannot avoid that statutory review scheme by recasting the IRS's audit documents as rulemaking.

The plaintiffs also underscore that the IRS's decision affected not just the plaintiffs but all plans created using Byers's system. Adjudicative matters, however, routinely have broader effects; it does not transform them into legislative rules. *See NLRB v. Wyman*, 394 U.S. 759, 765-66 (1969) ("Adjudicated cases may and do, of course, serve as vehicles for the formulation of agency policies, which are applied and announced therein. … They generally provide a guide to action that the agency may be expected to take in future cases. … [T]hey may serve as precedents. But this is far from saying, as the Solicitor General suggests, that commands, decisions, or policies announced in adjudication are 'rules' in the sense that they must, without more, be obeyed by the affected public."); *Goodman v. FCC*, 337 U.S. App. D.C. 188, 182 F.3d 987, 994 (1999) ("the nature of adjudication is that similarly situated non-parties may

7

be affected by the policy or precedent applied, or even merely announced in dicta, to those before the tribunal").

Indeed, for purposes of the present motion the court presumes that the IRS applied a top-down approach, evaluating first the propriety of Byers's system and then initiating enforcement actions against taxpayers that employed the system. This is consistent with the IRS's broad investigation and enforcement powers. *See, e.g.*, 26 U.S.C. § 7602. Even if this is how the IRS came to undertake its individualized investigation of the plaintiffs, this would not give rise to a "Byers Rule" that required notice and comment under the APA. Rather, such top-down approaches are routine means of administrative actions which ensure even-handed enforcement.

Insofar as the plaintiffs are arguing that the IRS enforcement action constituted or was premised on a new rule because it reflected a change in the IRS's years-long practice of implicitly accepting the Byers ESOP system, the argument is without merit. It is well and long established that "our tax structure is based on a system of self-reporting. There is legal compulsion, to be sure, but basically the Government depends upon the good faith and integrity of each potential taxpayer to disclose honestly all information relevant to tax liability." *United States v. Bisceglia*, 420 U.S. 141, 145 (1975). The IRS does not and cannot police every transaction. As a result, it commonly may take action only after years of apparent acquiescence. Such inaction does not estop later enforcement. *See Knights of Columbus Council #3660 v. United States*, 783 F.2d 69, 73 (7th Cir. 1986); *see also Tigrett v. United States*, 213

F. App'x 440, 450 (6th Cir. 2007) ("the IRS's erroneous treatment of an issue one year does not preclude its subsequent correction of its error in other tax years").

The plaintiffs' amended complaint again leaves the court with the impression they are trying to fit the square peg of a routine administrative enforcement action into a round hole of a rulemaking under the APA. In doing so, the plaintiffs have failed to plausibly allege that what they call the Byers Rule constitutes a legislative rule subject to the APA's notice-and-comment requirements. Accordingly, the court will grant the defendant's motion to dismiss the plaintiffs' amended complaint. The plaintiffs having twice failed to state a plausible claim and the court having no reason to suspect that the defects identified in the amended complaint are remediable through further amendment, the court will also dismiss this action with prejudice.

**IT IS THEREFORE ORDERED** that the defendant's motion to dismiss is granted. The plaintiffs' amended complaint and this action are dismissed with prejudice. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 4th day of May, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge